## Before the Second Division, August 23, 1950

No. 54625.—Norman G. Jensen v. United States, petitions 6651–R, etc. (Pembina).

Opinion by Lawrence, J. At the trial the petitioner's witness testified that he contacted the Grain Exchange in Winnipeg, Canada, in order to ascertain the current value of screenings for entry purposes and that in making entry of the importations he knew of no other dutiable value for the merchandise than that shown on the entries. Upon the entire record the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petitions were therefore granted.

No. 54626.—Norman G. Jensen v. United States, petition 6652–R (Pembina).

Opinion by Lawrence, J. The item in question was invoiced, entered, and appraised at $7.75 each. Subsequently, as the result of a collector's appeal for reappraisement, the proper dutiable value was found to be $13 Canadian funds, less 2½ percent. The witness for the petitioner testified that prior to making entry of the merchandise he made inquiry to ascertain the proper value for entry purposes; that at that time he did not know of any value for the batteries in question; and that in making entry he did so with the belief that $7.75 each for the 19-plate batteries was the correct dutiable value of the merchandise. Upon the entire record the court was satisfied that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.